# Attachment 2

**SUM-100**

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** KAWEAH HEALTH MEDICAL CENTER; EVA
*(AVISO AL DEMANDADO):* HIRWE, M.D., SHAMIKA BANKS M.D. and DOES 1
through 250

**YOU ARE BEING SUED BY PLAINTIFF:** MARIBEL VASQUEZ and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* JOSEPH RIOS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is: Tulare County Superior Court<br>*(El nombre y dirección de la corte es):*<br>221 S. Mooney Boulevard<br>Visalia, California 93291 | VCU297964 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Bruce G. Fagel and Associates 9200 West Sunset Boulevard, Suite 670, West Hollywood, California 90069; Office No. (310) 516-9035 — Bruce G. Fagel, SBN 103674

| DATE:<br>*(Fecha)* 05/02/2023 | Stephanie Cameron | Clerk, by<br>*(Secretario)* | _Savanah Franco_ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Law Offices of Bruce G. Fagel and Associates, State Bar No. 103674
9200 West Sunset Boulevard, Suite 670
West Hollywood, California 90069
TELEPHONE NO.: (310) 516-9035     FAX NO. *(Optional):* (310) 928-7763
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Plaintiffs Maribel Vasquez and Joseph Rios

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **TULARE**
STREET ADDRESS: 221 S. Mooney Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Visalia, California 93291
BRANCH NAME: Tulare County Superior Court

CASE NAME: MARIBEL VASQUEZ and JOSEPH RIOS v. KAWEAH HEALTH
MEDICAL CENTER

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Tulare
05/02/2023
By: Sevanah Trevino ,
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: VCU297964 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[X] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 2, 2023

Bruce G. Fagel                                    ▶  *Bruce Fagel*
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Vadim Braslavsky, SBN 223920<br>Law Offices of Bruce G. Fagel and Associates<br>9200 West Sunset Boulevard, Suite 670<br>West Hollywood, California 90069 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 310 516 9035     FAX NO. *(Optional)*: 310 928 7763<br>E-MAIL ADDRESS: vadimbraslavsky@fagellaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs, | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Tulare<br>08/03/2023<br>By: Octavio Aceves,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  TULARE
STREET ADDRESS: 221 South Mooney Boulevard
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Visalia, California 93291
BRANCH NAME:

PLAINTIFF/PETITIONER: Maribel Vasquez and Joseph Rios

DEFENDANT/RESPONDENT: Kaweah Health Medical Center,et al.,

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)    [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | VCU 297964 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 30, 2023         Time: 8:30 AM      Dept.: 2       Div.:              Room:

Address of court *(if different from the address above)*:

[x]  **Notice of Intent to Appear by Telephone, by** *(name)*: Vadim Braslavsky

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x]  This statement is submitted by party *(name)*: PLAINTIFFS,
   b. [ ]  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*: May 2, 2023
   b. [ ]  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not)*:

      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) [ ]  have had a default entered against them *(specify names)*:

   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which
      they may be served)*:

4. **Description of case**
   a.  Type of case in  [x]  complaint       [ ]  cross-complaint       *(Describe, including causes of action)*:

      Medical Malpractice

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021]    **CASE MANAGEMENT STATEMENT**    Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Maribel Vasquez and Joseph Rios | VCU 297964 |
| DEFENDANT/RESPONDENT: Kaweah Health Medical Center, et al., | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

*Plaintiffs allege that Defendant negligently monitored, cared for and treated Maribel Vasquez's pregnancy and labor. As a result of this negligence, Defendants caused the death of Maribel Vasquez's newborn baby Melody Rios. Nature and extent of damages amount unknown at present. Discovery and depositions are ongoing.*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 15-20 DAYS

b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☒ by the following:

a. Attorney: BRUCE G. FAGEL

b. Firm: Law Offices of Bruce G. Fagel & Associates

c. Address: 9200 West Sunset Boulevard, Suite 670, West Hollywood, Ca 90069

d. Telephone number: 310 516 9035

e. E-mail address: brucefagel@fagellaw.com

f. Fax number: 310 928 7763

g. Party represented: Plaintiffs

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Rule 3.811(b)(6)

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Maribel Vasquez and Joseph Rios | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kaweah Health Medical Center, et al., | VCU 297964 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled <br> [ ] Mediation session scheduled for (date): <br> [ ] Agreed to complete mediation by (date): <br> [ ] Mediation completed on (date): |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled <br> [ ] Settlement conference scheduled for (date): <br> [ ] Agreed to complete settlement conference by (date): <br> [ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled <br> [ ] Neutral evaluation scheduled for (date): <br> [ ] Agreed to complete neutral evaluation by (date): <br> [ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled <br> [ ] Judicial arbitration scheduled for (date): <br> [ ] Agreed to complete judicial arbitration by (date): <br> [ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled <br> [ ] Private arbitration scheduled for (date): <br> [ ] Agreed to complete private arbitration by (date): <br> [ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled <br> [ ] ADR session scheduled for (date): <br> [ ] Agreed to complete ADR session by (date): <br> [ ] ADR completed on (date): |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Maribel Vasquez and Joseph Rios<br>DEFENDANT/RESPONDENT:  Kaweah Health Medical Center,et al., | CASE NUMBER:<br>VCU 297964 |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | within 6 months |
| Plaintiff | Depositions of percipient witnesses | within 6 months |
| Plaintiff | Depositions of expert witnesses | within 6 months |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Maribel Vasquez and Joseph Rios<br>DEFENDANT/RESPONDENT:  Kaweah Health Medical Center,et al., | CASE NUMBER:<br>VCU 297964 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 08/03/2023

Vadim Braslavsky
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ *Vadim Braslavsky*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within action; my business address is *9200 West Sunset Boulevard, Suite 670, West Hollywood, California 90069,* My Electronic address is cynthia@fagellaw.com.

On **AUGUST 3, 2023,** I served the foregoing document (s) described as **CASE MANAGEMENT STATEMENT,** on the following parties in this action as set forth on the attached service list as follows:

### SEE ATTACHED SERVICE LIST

☐  **BY MAIL:** I placed a true copy of the above captioned documents for collection and processing for mailing, following this business' usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐  **BY OVERNIGHT MAIL:** By sealing the envelope and placing it for collection and overnight delivery in a box regularly maintained by an overnight delivery service with delivery fees paid or provided for in accordance with ordinary business practices.

☐  **BY ELECTRONIC TRANSFER/VIA FACSIMILE:** I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted above via electronic transfer (FAX) at the respective telephone numbers indicated above.

X  **BY ELECTRONIC SERVICE:** Pursuant to Code of Civil Procedure §1010.6(a)(2)(A)(i), 1010.6(a)(2)(A)(ii), and/or necessity resulting from the Safer at Home order/regulation issued by the City and County of Los Angeles effective March 20, 2020: from my email address cynthia@fagellaw.com to the e-mail address(es) listed on the ATTACHED SERVICE LIST.

X  **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **AUGUST 3, 2023,** at West Hollywood, California.

*Cynthia Mardis*
_____
Cynthia Mardis

Law Offices
of
Bruce G. Fagel
&
Associates

1
PROOF OF SERVICE

1

## SERVICE LIST

2

Maribel Vasquez, Joseph Rios vs. Kaweah Delta Health Care District

3

4

5     Kevin E. Thelen, Esq.
      LeBEAU THELEN
6     5001 East Commercenter Drive, Suite 300
      Bakersfield, California 93389-2092
7     *Attorney for Defendant, Shimeka Banks. MD*
8     kthelen@lebeauthelen.com
      tcherry@lebeauthelen.com
9

10    Richard Salinas, Esq.
      SALINAS LAW GROUP
11    8405 North Fresno Street, Suite 150
      Fresno, California 93720
12    *Attorney for Defendant, Kaweah Health Medical Center*
13    rsalinas@salinaslg.com

14

15

16

17

18

19

20

21

22

23

24

25

Law Offices
of           26
Bruce G. Fagel
&            27
Associates

28

2

**PROOF OF SERVICE**

1  BRUCE G. FAGEL, SBN 103674
   brucefagel@fagellaw.com
2  VADIM BRASLAVSKY, SBN 223920
   vadimbraslavsky@fagellaw.com
3  **LAW OFFICES OF BRUCE G. FAGEL AND ASSOCIATES**
4  9200 West Sunset Boulevard, Suite 670
   West Hollywood, California 90069
5  Tel (310) 516-9035
6  Fax (310) 928-7763

7  Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Tulare
07/05/2023
By: Leticia Hernandez-Sandoval,
Deputy Clerk

8
9  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10  **FOR THE COUNTY OF TULARE**

11

12
13  MARIBEL VASQUEZ and JOSEPH
    RIOS
14            Plaintiffs
15  vs.
16  KAWEAH HEALTH MEDICAL CENTER;
17  EVA HIRWE, M.D., SHAMIKA BANKS
    M.D. and DOES 1 through 250
18
19            Defendant

Case No. VCU 297964

**FIRST AMENDED COMPLAINT FOR:**

1. **WRONGFUL DEATH**
2. **SURVIVAL**
3. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

20

21      Plaintiff alleges, on information and belief, as follows:

22      1.      The true names, identities, or capacities, whether individual, associate, corporate

23  or otherwise of Defendants DOES 1 through 250, inclusive, are unknown to Plaintiffs who,

24  therefore, sue said Defendants by such fictitious names. When the true names, identities, or

25  capacities of such fictitiously designated Defendants are ascertained, Plaintiffs will ask leave of

26  Court to amend the Complaint to insert said true names, identities and capacities, together with

27  the proper charging allegations.

28

---

1

**FIRST AMENDED COMPLAINT**

2.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiffs as herein alleged.

3.     All of the facts, acts, events and circumstances herein mentioned and described occurred in the County of Tulare, State of California, and all Defendants are residents of the County of Tulare, State of California, doing business in said County, State of California.

4.     At all times herein mentioned, Defendants EVA HIRWE, M.D., SHAMIKA BANKS M.D. and DOES 1 through 50, inclusive, were, and now are, physicians and surgeons, holding themselves out as duly licensed to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California.

5.     At all times herein mentioned, Defendants DOES 51 through 100, inclusive, were, and now are, registered nurses, nurse practitioners, nurse midwives, licensed vocational nurses, practical nurses, physician assistants, aids, technicians, attendants, students or other paramedical personnel, holding themselves out as duly able to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California and acting as agents, employees and servants of some or all of the other Defendants within the course and scope of said agency or employment.

6.     At all times herein mentioned, Defendants KAWEAH DELTA MEDICAL CENTER, and DOES 101 through 150, inclusive, were at all times herein mentioned duly organized California corporations or hospitals or medical and surgical free standing facilities, existing under and by virtue of the laws of the State of California and other States; that said Defendant corporations, hospitals and surgery centers and the remaining Defendants, and each of them, owned, operated, managed and controlled a general hospital facility or surgery center within the County of Tulare, State of California, held out to the public at large and to the Plaintiffs herein, as properly equipped, fully accredited, competently staffed by qualified and prudent

2

**FIRST AMENDED COMPLAINT**

personnel and operating in compliance with the standard of due care maintained in other properly equipped, efficiently operated and administered, accredited hospitals in said community.

7.      At all times herein mentioned Defendants DOES 151 through 189 were doing business as a district or County hospital or clinic, and DOES 190-250, a hospital operated by a government entity or medical clinic or hospital, open to the public, or a medical facility or clinic, operated by a government entity open to the public rendering medical, surgical, hospital, diagnostic, nursing and other care to the general public for compensation. All of the acts complained of herein by Plaintiffs against said Defendants were done and performed by said Defendants by and through their duly authorized agents, servants and employees, each of whom and all of whom were at all times mentioned herein acting within the course, purpose, and scope of their said agency, service and employment, and whose conduct was ratified by all Defendants, and each of them.

8.      Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned, Defendants and other Defendants named fictitiously, were entities of unknown form unaffiliated with each other within the meaning of *Corporations Code* Section 150, each acting independently and negligently in committing separate acts all to Plaintiffs' injuries and damages.

## I.

## PLAINTIFFS, MARIBEL VASQUEZ AND JOSEPH RIOS, ALLEGE FOR A SPEARATE AND DISTICT FIRST CAUSE OF ACTION FOR WRONGFUL DEATH OF MELODY RIOS AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:

9.      Plaintiffs MARIBEL VASQUEZ and JOSEPH RIOS, repeat and replead each and every allegation contained in all prior paragraphs and incorporate the same herein by reference as to Defendants and each of them.

10.     At all times herein, MARIBEL VASQUEZ and JOSEPH RIOS were the parents of the decedent MELODY RIOS. As such, the named Plaintiffs are heirs at law of the decedent, MELODY RIOS.

3

FIRST AMENDED COMPLAINT

11.    At all times herein mentioned, the decedent MELODY RIOS was in the exclusive control of the Defendants, and each of them, and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the Defendants herein, or any of them, obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiff's decedent or any authorized agent of the Plaintiff's decedent to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

12.    Prior to October 21, 2022, the date of Decedent's death, MELODY RIOS, who was born October 21, 2022, and her mother MARIBEL VASQUEZ employed Defendants and each of them, to diagnose and treat Decedent's medical conditions, and her labor and delivery, and to do all things necessary for the mother's and decedent's medical care and treatment.

13.    While Plaintiffs' decedent was under the sole and exclusive care and control of the Defendants, and each of them, Defendants, and each of them negligently, carelessly and unskillfully, examined, treated, triaged, utilized protocols and practices, cared for, diagnosed, operated upon, delivered, consented, labored, transferred, performed anesthesia, attended and otherwise handled and controlled the Plaintiff's Decedent herein, such that, as legal result, Decedent died on October 21, 2022.

14.    Defendant KAWEAH DELTA MEDICAL CENTER and DOES 101-150 neglected to adequately select a competent medical staff and to periodically review the competency of its medical staff and failed to adequately monitor its staff such that Plaintiffs' decedent and Plaintiffs were caused to and did suffer damages as alleged.

15.    As a further legal result of the negligence of the Defendants, and each of them, Plaintiffs were compelled to, and did, incur expenses for burial and all costs associated with that burial.

16.    As a direct and proximate result of the aforesaid negligence, carelessness and unskillfulness of the Defendants, and each of them, and the resultant death of said decedent, Plaintiffs have suffered the pecuniary loss of the love, affection, comfort, care, society,

4

**FIRST AMENDED COMPLAINT**

companionship, protection, solace, moral support, physical assistance in the operation and maintenance of the home, support and right to receive support from the decedent, all to their damage in a sum in excess of the jurisdiction of the Superior Court.

17.     Plaintiffs first suspected that the death of their child was the result of medical negligence within the first week of the child's death which occurred on October 21, 2022.

## II.

## PLAINTIFF KESLEY MILLER ALLEGES FOR A SPEARATE AND DISTICT SECOND CAUSE OF ACTION FOR SURVIVAL AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:

18.     Plaintiff MARIBEL VASQUEZ repeats and repleads each and every allegation contained in the preceding paragraphs and incorporates the same herein by reference.

19.     Plaintiff MARIBEL VASQUEZ is the successor in interest of MELODY RIOS deceased, and she brings this cause of action in that capacity pursuant to *Code of Civil Procedure* §§ 377.10, 377.11, and 377.30 et seq. in that she is decedent's mother. Plaintiff has or will execute and file a declaration under penalty of perjury as required by *Code of Civil Procedure*, Section 377.32.

20.     Prior to her death, MELODY RIOS incurred special damages as well as damages for pain and suffering as a direct and proximate result of the acts and/or omissions of the Defendants, and each of them, as herein alleged. The amount of these damages is in excess of the minimum jurisdictional amount of the Superior Court and will be shown according to proof at the time of trial.

/ / /
/ / /
/ / /
/ / /
/ / /

### III.

<u>PLAINTIFF MARIBEL VASQUEZ ALLEGES FOR A SEPARATE AND DISTINCT
THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:</u>

21.    Plaintiff MARIBEL VASQUEZ repeats and repleads each and every allegation contained in the preceding paragraphs and incorporates the same herein by reference.

22.    At all times herein mentioned, MARIBEL VASQUEZ was the mother of MELODY RIOS, the now deceased minor child, and was and is under a duty to care for the minor child herein.   Plaintiff MARIBEL VASQUEZ employed said Defendants to care for and treat herself and her minor child, MELODY RIOS during the pregnancy.

23.    At all times mentioned, said Defendants were under a legal duty to Plaintiff with respect to the care and treatment of the child, MELODY RIOS, while the child was a patient in the said hospital and under the care of the said Defendants.  Said Defendants treated and cared for both the MELODY RIOS and MARIBEL VASQUEZ during the labor and delivery of MELODY RIOS and thereafter.

24.    At all times mentioned, there existed a close relationship between Plaintiff MARIBEL VASQUEZ and MELODY RIOS namely, mother and child, and said Defendants were aware of this close relationship when they agreed to care for the child.  It was foreseeable that Plaintiff MARIBEL VASQUEZ would be damaged directly by negligent acts or omissions to act and committed upon the child.  Said Defendants were aware that Plaintiff MARIBEL VASQUEZ was concerned about the physical wellbeing of her child when Defendants agreed to treat both the child and mother.

25.    It was reasonably foreseeable and easily predictable that any acts of negligence by these Defendants that would injure the child would lead to serious emotional distress in Plaintiff MARIBEL VASQUEZ. Because the risk of harm to the Plaintiff was reasonably foreseeable and easily predictable, Defendants owed Plaintiff a duty to exercise due care in diagnosing, caring

FIRST AMENDED COMPLAINT

for, and treating Plaintiff's child, MELODY RIOS. This is especially true as Defendants agreed to and did treat both MARIBEL VASQUEZ and MELODY RIOS at the same time.

26. Said Defendants in disregard of the probability that their actions would cause severe emotional distress, in failing to provide the necessary medical treatment to Plaintiff MARIBEL VASQUEZ and her child MELODY RIOS, caused Plaintiff MARIBEL VASQUEZ severe emotional distress arising from the abnormal event of participating in a negligent delivery and labor concerning her child MELODY RIOS, and reacting to the tragic outcome with fright nervousness and shock, grief, anxiety, worry, mortification, shock, humiliation and indignity.

27. As a further legal result of the negligence of the Defendants, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

28. As a further legal result of the negligence of the Defendants, Plaintiff has suffered loss of earnings and will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

29. By reason of the negligence of said Defendants, Plaintiff MARIBEL VASQUEZ suffered severe and serious emotional distress and shock and injury to her nervous system and body, all to her general damage in a sum within the jurisdiction of this Court and pursuant to *Burgess v. Superior. Court* (1992) 2 Cal.4th 1064.

WHEREFORE, Plaintiffs pray:

## FOR THE FIRST CAUSE OF ACTION FOR WRONGFUL DEATH:

1. General and non-economic damages, according to proof;

2. All economic, special and funeral and burial expenses, according to proof;

3. Costs of suit incurred herein, and

4. For such other and further relief as to the Court appears just and proper.

7

**FIRST AMENDED COMPLAINT**

## FOR THE SECOND CAUSE OF ACTION FOR SURVIVAL:

1.   General damages for pre-death pain and suffering, according to proof;

2.   Special damages, according to proof;

3.   Costs of suit incurred herein, and

4.   For such other and further relief as to the Court appears just and proper.

## FOR THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF

## EMOTIONAL DISTRESS:

1.   General damages, according to proof;

2.   Special damages, according to proof;

3.   Costs of suit incurred herein, and

4.   For such other and further relief as to the Court appears just and proper.

DATED: July 5, 2023,                    **LAW OFFICES OF BRUCE G. FAGEL & ASSOC.**

By: *Vadim Braslavsky*
                        Bruce G. Fagel
                        Vadim Braslavsky
                        Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within action; my business address is **9200 West Sunset Boulevard, Suite 670, West Hollywood, California 90069**, My Electronic address is cynthia@fagellaw.com.

On **JULY 5, 2023,** I served the foregoing document (s) described as **FIRST AMNEDED COMPLAINT,** on the following parties in this action as set forth on the attached service list as follows:

### SEE ATTACHED SERVICE LIST

x **BY MAIL:** I placed a true copy of the above captioned documents for collection and processing for mailing, following this business' usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **BY OVERNIGHT MAIL:** By sealing the envelope and placing it for collection and overnight delivery in a box regularly maintained by an overnight delivery service with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **BY ELECTRONIC TRANSFER/VIA FACSIMILE:** I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted above via electronic transfer (FAX) at the respective telephone numbers indicated above.

X **BY ELECTRONIC SERVICE:** Pursuant to Code of Civil Procedure §1010.6(a)(2)(A)(i), 1010.6(a)(2)(A)(ii), and/or necessity resulting from the Safer at Home order/regulation issued by the City and County of Los Angeles effective March 20, 2020: from my email address cynthia@fagellaw.com to the e-mail address(es) listed on the ATTACHED SERVICE LIST.

X **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **JULY 5, 2023,** at West Hollywood, California.

<u>**Cynthia Mardis**</u>
*Cynthia Mardis*

9

**FIRST AMENDED COMPLAINT**

**SERVICE LIST**

Maribel Vasquez, Joseph Rios vs. Kaweah Delta Health Care District

Kaweah Delta Health Care District
400 West Mineral King
Visalia, California 93291

Kevin E. Thelen, Esq.
LeBEAU THELEN
5001 East Commercenter Drive, Suite 300
Bakersfield, California 93389-2092
*Attorney for Defendant, Shimeka Banks. MD*
kthelen@lebeauthelen.com
tcherry@lebeauthelen.com

Richard Salinas, Esq.
SALINAS LAW GROUP
8405 North Fresno Street, Suite 150
Fresno, California 93720
*Attorney for Defendant, Kaweah Health Medical Center*
rsalinas@salinaslg.com

10

**FIRST AMENDED COMPLAINT**