PHILLIP A. TALBERT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4019
E mail: jeffrey.lodge@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARIBEL VASQUEZ and JOSEPH RIOS, | Case No. 1:23-cv-01652-SKO |
|---|---|
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO SUBSTITUTE, DISMISS, AND REMAND** |
| v. | |
| KAWEAH HEALTH MEDICAL CENTER; EVA HIRWE, M.D.; SHAMIKA BANKS, M.D.; and DOES 1 to 250, inclusive, | DATE: January 3, 2024<br>TIME: 9:30 A.M.<br>COURT: Ctr 4, 7th Floor<br>Hon. Sheila K. Oberto |
| Defendants. | |

On or about May 2, 2023, plaintiffs filed a medical malpractice action as amended on July 5, 2023, in the Tulare County Superior Court against Eva Hirwe, M.D. and other defendants asserting negligent medical care and related claims.

Dr. Hirwe is a "deemed" employee of the Public Health Service under the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233. As a result, any lawsuit arising from medical or related functions performed by Dr. Hirwe must be brought exclusively against the United States pursuant to the Federal Tort Claims Act ("FTCA"). The United States therefore should be substituted for Dr. Hirwe in this action.

Plaintiffs' claims against the United States, however, should be dismissed because plaintiffs have not satisfied the jurisdictional prerequisites of the FTCA. Specifically, the FTCA requires that a claimant must first present a claim to the appropriate federal agency within two years that the claim arose, and the agency must either (1) deny the claim, or (2) not act on the claim for at least six months.

Plaintiffs presented their administrative claims to the HHS on October 23, 2023, after filing the complaint and amended complaint.  As of the date of removal, less than six months have passed, and HHS has not denied the claims.  This Court therefore lacks jurisdiction over plaintiffs' claims against the United States, and they must be dismissed.  Claims against remaining defendants, if any, should be remanded to the Tulare County Superior Court.

## I.    BACKGROUND

### A.    Plaintiffs have asserted medical malpractice claims against Dr. Hirwe who is a "deemed" employee under the FSHCAA.

On or about May 2, 2023, plaintiffs filed a complaint, as amended on July 5, 2023, against Eva Hirwe, M.D. and other defendants in the Tulare County Superior Court, Case No. VCU297964.  *See* Doc. No. 1.  The amended complaint asserts that Dr. Hirwe negligently provided medical treatment during labor and delivery on October 21, 2022.  *Id.*

On or about November 28, 2023, the United States filed a certification regarding scope of employment pursuant to 42 U.S.C. § 233(g) stating that, at the time of the events in the Complaint, Dr. Hirwe was eligible for FTCA malpractice coverage at relevant times.  *See* Declaration of Meredith Torres ("Torres Decl."), ¶¶ 5-6.  Further, pursuant to 42 U.S.C. § 233(a) and (c) and 28 C.F.R. § 15.4, the Chief of the Civil Division of the U.S. Attorney's Office has certified that Dr. Hirwe was acting as a covered person within the scope of her statutorily deemed federal employment with respect to the events alleged in the Complaint.  Doc. No. 1, Certification.  42 U.S.C. § 233(e) allows coverage of claims related to medical care.  Thus, for the reasons discussed further below, Dr. Hirwe has immunity from suit, and plaintiffs' exclusive remedy for damages resulting from any alleged acts or omissions by Dr. Hirwe is a suit against the United States under the FTCA.  *See* Section II.B.

### B.    Plaintiffs submitted an administrative claim on October 23, 2023.

On October 23, 2023, plaintiffs submitted a Standard Form 95 administrative claims to HHS seeking damages for alleged medical negligence of Dr. Hirwe.  Torres Decl., ¶ 4.  To date, HHS has not made a final determination on any of those administrative tort claims. *Id*.

///

///

## II. LAW AND ANALYSIS

### A. Standard of review.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994).

As the party asserting subject matter jurisdiction, plaintiffs have the burden to prove its existence. *Kokkonen*, 511 U.S. at 377; *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008). Plaintiffs must do so by "furnish[ing] affidavits or other evidence to satisfy [their] burden." *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003); *Lanza v. Ashcroft*, 389 F.3d 917, 930 (9th Cir. 2004) ("There is a general presumption against federal court review, and the burden of establishing the contrary rests on the party asserting jurisdiction."). "In reviewing a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### B. The United States must be substituted in place of Dr. Hirwe as a defendant.

Through the Public Health Service Act, 42 U.S.C. § 254b, the HHS Secretary provides federal grants to health centers in medically underserved populations. Under the FSHCAA, a health center that receives such funds is eligible to have itself and its personnel "deemed" by the Secretary to be employees of the Public Health Service. 42 U.S.C. § 233(g). "Deemed" employees of the Public Health Service are immune from claims for "personal injury . . . resulting from the performance of medical, surgical, dental, or related functions" within the scope of their employment, and such claims must instead be brought exclusively against the United States under the FTCA. 42 U.S.C. § 233(a).

At the time of the events in plaintiffs' Complaint, Dr. Hirwe was an employee of Family HealthCare Network, which was eligible for FTCA malpractice coverage. Torres Decl. ¶¶ 5-6. Dr. Hirwe is therefore a "deemed" Public Health Service employee under 42 U.S.C. § 233(g). Further, the

Chief of the Civil Division of the U.S. Attorney's Office has certified that Dr. Hirwe acting within the scope of such employment during the incidents in the Complaint. Doc. No. 1. Dr. Hirwe has immunity from suit, and the United States must be substituted in place of her as a defendant. 42 U.S.C. § 233(a), (c); *G.H. v. Sutter Davis Hosp.*, No. 15-813, 2015 WL 4078273, at *2 (E.D. Cal. July 6, 2015).

    **C.    Plaintiffs' claims against the United States must be dismissed for lack of subject matter jurisdiction, and their claims against the remaining defendants must be remanded to state court.**

As a "deemed" employee who performed medical functions within the scope of employment, Dr. Hirwe has absolute immunity from suit, and plaintiffs' exclusive remedy is against the United States under the FTCA. 42 U.S.C. § 233(a). The FTCA limits federal court jurisdiction to hear actions for damages against the United States. *Warren v. U.S. Dep't of Interior*, 724 F.2d 776, 777-78 (9th Cir. 1984) (en banc). A claimant must first present a claim to the appropriate federal agency within two years that the claim arose. 28 U.S.C. §§ 2401(b), 2675(a). The claimant cannot sue the United States until (1) the agency has denied the claim in writing, sent by certified or registered mail, or (2) the agency has not disposed of the claim within six months (which is deemed a denial). 28 U.S.C. § 2675(a); *Warren*, 724 F.2d at 778 ("The plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final disposition by the agency."); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claim procedures established under the [FTCA] is a prerequisite to district court jurisdiction.").

Here, FTCA jurisdictional prerequisites have not been met, and thus plaintiffs' claims against the United States must be dismissed for lack of subject matter jurisdiction. "Federal jurisdiction under the FTCA is determined at the time of removal." *D.L. v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017). Plaintiff filed the Complaint on May 2, 2023, and amended it on July 5, 2023, before submitting an administrative claim on October 23, 2023. Torres Decl., ¶ 4. At the time this case was removed, HHS had not yet issued a final determination on plaintiffs' administrative claims. *Id.* Further, less than six months have passed since the claims were submitted to HHS. Because plaintiffs' claims against the United States have been pending for fewer than six months after presentment of plaintiffs' administrative claims to HHS, the Court lacks subject matter jurisdiction, and the claims against the United States must be dismissed. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113

(1993); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Kumar v. United States*, No. 2:18-cv-3028, 2020 WL 2556798, at *3-4 (E.D. Cal. May 20, 2020); *Mar v. United States*, No. 08-0644, 2009 WL 737040, at *4 (E.D. Cal. Mar. 19, 2009) (stating rule and collecting cases).

### III.   CONCLUSION

For the foregoing reasons, the United States must be substituted in place of Dr. Hirwe, and the claims against the United States must be dismissed for lack of subject matter jurisdiction. Plaintiffs' claims against the remaining defendants, if any, should be remanded to state court.

Respectfully submitted,

Dated:  November 29, 2023

PHILLIP A. TALBERT
UNITED STATES ATTORNEY


/s/Jeffrey J. Lodge
JEFFREY J. LODGE
Assistant United States Attorney
Attorney for the United States